UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEITH MEYER,                                )
                                            )
        Plaintiff,                          )
                                            )
    v.                                      )        No. 4:23 CV 1087 RWS
                                            )
MARTIN O'MALLEY[1],                         )
Commissioner of Social Security,            )
                                            )
        Defendant.                          )

## MEMORANDUM AND ORDER

Plaintiff Keith Meyer brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision denying his application for disability insurance benefits under Title II of the Social Security Act. For the reasons discussed below, the Commissioner's decision will be affirmed.

## Background

Meyer protectively filed a Title II application for disability insurance benefits on November 12, 2021. Tr. 547–56. He then submitted an amended application on November 15, 2021, changing his alleged onset date to August 6, 2021. Tr. 557. Meyer alleged that his disability was due to the main chamber in his heart not

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit.

working on the left, chronic heart failure, insulin dependent diabetes, and an inability to be in the heat or stand for long periods of time.  Tr. 592.

Meyer's application was denied at the initial claims level.  Tr. 452–59.  Upon reconsideration, Meyer's application was denied again.  Tr. 460–67.  Meyer then filed a request for a hearing before an administrative law judge ("ALJ"),  Tr. 489–90, which was held on September 12, 2022.  Tr. 411–51.  On October 19, 2022, the ALJ issued an unfavorable decision finding that Meyer had the severe impairments of cardiomyopathy and diabetes mellitus with peripheral neuropathy, but that he did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 13–14.  As a result, the ALJ concluded that Meyer was not disabled within the meaning of the Social Security Act at any time from the alleged onset date though the date of decision.  Tr. 18.  On June 28, 2023, the Appeals Council denied Meyer's request for review.  Tr. 1.  As a result, the ALJ's decision became the final decision of the Commissioner.  *See* 42 U.S.C. § 405(g).

Meyer filed this action on August 28, 2023, seeking judicial review of the Commissioner's final decision.  Meyers argues that the Commissioner's decision should be reversed because the ALJ's RFC determination is not supported by substantial evidence.

**Legal Standard**

To be eligible for disability benefits under the Social Security Act, a claimant must prove that she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment" that can be expected to result in death or which has lasted or can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). A claimant will be declared disabled only if her impairment or combination of impairments is of such severity that she is unable to engage in her previous work and—considering her age, education, and work experience—she is unable to engage in any other kind of substantial gainful work in the national economy. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner engages in a five-step evaluation process: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether the claimant has the RFC to perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520. The burden of proof rests with a claimant through

3

the first four steps but shifts to the Commissioner at step five. *Pate-Fires v. Astrue*,

564 F.3d 935, 942 (8th Cir. 2009).

When reviewing a denial of disability benefits, my role is limited to

determining whether the Commissioner's decision complies with the relevant legal

requirements and is supported by substantial evidence in the record as a whole. *Id.*

Substantial evidence refers to less than a preponderance but enough for a reasonable

person to find it adequate to support the Commissioner's decision. *Id.* I must affirm

the Commissioner's decision if, "after reviewing the entire record, it is possible to

draw two inconsistent positions, and the Commissioner has adopted one of those

positions." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse

the Commissioner's decision merely because substantial evidence could also support

a contrary outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

## ALJ Decision

The ALJ denied Meyer disability benefits after finding that he was not

disabled within the meaning of the Social Security Act at any time from the date of

his alleged onset of disability of August 6, 2021 through October 19, 2022, the date

of the decision. Tr. 18. At step one, the ALJ found that Meyer had not engaged in

substantial gainful activity since August 6, 2021. Tr. 13. At step two, the ALJ found

that Meyer had the following severe impairments: diabetes mellitus with peripheral

neuropathy and cardiomyopathy. *Id.* The ALJ also found the following non-severe

impairments: hyperlipidemia, hypogonadism, and fatty liver.  *Id.*  At step three, the ALJ found that Meyer did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 14.  At step four, the ALJ found that Meyer had the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a), with several limitations.  Tr. 14–15.  Based on RFC, the ALJ found that Meyer was capable of performing past relevant work as a product design engineer.  Tr. 17. Because Meyer was capable of his past relevant work, the ALJ concluded that he was not under a disability at any point during the relevant period.  Tr. 18.

## Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt Meyer's recitation of facts, ECF No. 8-1, to the extent they are admitted by the Commissioner, ECF No. 11-1, as well as the additional facts submitted by the Commissioner, ECF No. 12-1, as they are not contested by Meyer.  Additional facts will be discussed as necessary to address the parties' arguments.

## Discussion

Meyer argues that the Commissioner's decision should be reversed because the ALJ's RFC determination is not supported by substantial evidence.  A claimant's RFC is the most the claimant can do despite his limitations, and an ALJ must assess it based on all relevant evidence in the claimant's case record.   20 C.F.R. §

404.1545(a)(1).   Relevant evidence includes "'medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013)).  Because a claimant's RFC is a medical question, an ALJ's RFC determination "'must be supported by some medical evidence of the claimant's ability to function in the workplace.'"  *Id.* (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)).

In this case, the ALJ found that Meyer had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) but with several limitations.  Tr. 14–15.  The ALJ assessed the following limitations:

> The claimant could only occasionally climb ramps and stairs; never climb ropes, ladders, or scaffolds; occasionally balance; occasionally stoop and crouch; never crawl or kneel; should have no concentrated exposure to extreme heat or extreme cold; and no exposure to unprotected heights or hazardous machinery.

*Id.*  Meyer argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to appropriately evaluate Meyer's reported limitations as required by SSR 16-3p and should have provided additional limitations, such as the ability to take eight-hour breaks after working for a period of two to four hours.

I find that the ALJ did not improperly discount Meyer's subjective complaints.  When evaluating evidence of pain or other symptoms, an ALJ is never

free to ignore a claimant's subjective complaints. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). An ALJ may discount a claimant's subjective complaints, however, if "they are inconsistent with the evidence as a whole." *Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015). In discounting a claimant's subjective complaints, an ALJ must consider all of the evidence and make an express determination, detailing her reasons for discounting the claimant's complaints, identifying inconsistencies between the claimant's complaints and the evidence in the record, and discussing the relevant factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012).

The relevant factors include: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) any precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) the claimant's functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence supporting the claimant's complaints. *Id.* at 1065–66; *see also* 20 C.F.R. § 404.1529(c). While an ALJ must consider these factors, she need not discuss how each factor supports her determination. *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007). If an ALJ "explicitly discredits" a claimant's complaints and "gives a good reason for doing so," a court should defer to her determination. *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007).

In this case, the ALJ determined that Meyer's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but that his "statements concerning the intensity, persistence and limiting effects" of his symptoms were not "entirely consistent with the medical evidence and other evidence in the record." Tr. 16. Although the ALJ did not discuss every relevant factor in making this determination, she identified the relevant factors and stated that she considered all of Meyer's symptoms based on the requirements of 20 C.F.R. § 404.1529 and Social Security Rule 16-3p, Tr. 15, and it is clear that she considered several factors and used numerous facts in evaluating Meyer's complaints.

For instance, the ALJ considered inconsistencies between Meyer's subjective complaints and his reported daily activities. Tr. 15. In particular, the ALJ noted that Meyer reported the ability to:

> read, write, manage medical care, attend doctor's appointments, live with others, care for his cat, tend a small garden, perform personal care, perform household chores, watch television, prepare simple meals, walk 400 yards at a time, drive, go out alone, shop in stores and by computer, manage funds, raise chickens, spend time with others in person, on the phone and via email, texting and video chat, attend church, get along with others including authority figures, follow instructions, and handle stress and changes in routine.

*Id.* These significant daily activities undercut Meyer's reported limitations. *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (noting claimant's ability to "perform some cooking, take care of his dogs, use a computer, drive with a neck brace, and shop for groceries with … an electric cart"); *Medhaug v. Astrue*, 578 F.3d

8

805, 817 (8th Cir. 2010) (stating "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain"). As a result, the ALJ's determination that Meyer's reported daily activities were inconsistent with his subjective complaints is supported by substantial evidence.

The ALJ also considered the lack of objective medical evidence supporting Meyer's subjective complaints. Tr. 16; *see also* 20 C.F.R. § 404.1529(c)(2) (stating objective medical evidence is useful in making reasonable conclusions about the intensity and persistence of a claimant's symptoms); *Halverson v. Astrue*, 600 F.3d 922, 931–32 (8th Cir. 2010) (stating an ALJ may not discount a claimant's subjective complaints "solely because they are unsupported by objective medical evidence" but may consider "the absence of objective medical evidence to support the complaints"). For example, the ALJ noted that Meyer has a long history of diabetes with peripheral neuropathy, including while he worked until the alleged onset date, but that there was "little to no evidence that it has worsened since then." Tr. 16. In fact, Meyer's physician assessed during a December 2021 visit that his condition and symptoms were improving. Tr. 810.

In determining Meyer's RFC, the ALJ related Meyer's work limitations to the medical evidence and his reported symptoms. Tr. 17. The ALJ found that Meyer could perform a limited range of sedentary work consistent with objective medical

9

findings showing coronary impairment, fatigue, and lower extremity edema, but no deficits in gait, sensation, range of motion, or muscle strength. *Id.* And despite "relatively normal exams," *id.*, the ALJ prescribed several further limitations in consideration of Meyer's reported symptoms. *Id.*

Finally, Meyer argues that the ALJ's conclusions as to his reported symptoms are not supported by substantial evidence because the ALJ generally cited to exhibits. However, the record shows that the ALJ did include pinpoint citations in her decision and provided a complete analysis of the record. *See, e.g.*, Tr. 16. Additionally, Meyer does not suggest any specific, relevant evidence the ALJ failed to analyze and does not cite any medical evidence in support of his argument that he required additional limitations.

In light of these considerations and supporting facts, I find that the ALJ did not improperly discount Meyer's subjective complaints. The ALJ explicitly found that Meyer's complaints were not entirely consistent with the medical and other evidence in the record, she identified good reasons for discounting the complaints, and her determination is supported by substantial evidence in the record as a whole. I will therefore defer to the ALJ's determination. *See Renstrom*, 680 F.3d at 1067 ("Because the ALJ gave good reasons for discounting [claimant's] credibility, we defer to the ALJ's credibility findings."); *Eichelberger v. Barnhart*, 390 F.3d 584,

590 (8th Cir. 2004) ("We will not substitute our opinion for that of the ALJ, who is in a better position to assess credibility.").[2]

## **Conclusion**

"A claimant bears the burden of establishing his RFC." *Swink v. Saul*, 931 F.3d 765, 770 (8th Cir. 2019). While Meyer may believe that the evidence in his case record should have been assessed differently, it is not my role to reweigh evidence considered by an ALJ. *See Hensley*, 829 F.3d at 934. The ALJ's decision demonstrates that she evaluated all the medical and other evidence in Meyer's case record and adequately explained her reasons for the weight given to the evidence. Because the ALJ's decision complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner will be **AFFIRMED**, and the complaint of Plaintiff Keith Meyer will be **DISMISSED** with prejudice.

---

[2] In addition to the considerations discussed above, the ALJ also considered a Transthoracic Echocardiogram Test. Meyer argues that the ALJ misinterpreted the nature of this testing by purportedly suggesting that it showed improvement in Meyer's condition. This alleged error does not, however, alter my conclusion that the ALJ did not improperly discount Meyer's subjective complaints because the ALJ identified other good reasons for discounting the complaints, and her determination is supported by substantial evidence in the record as a whole.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September 2024.